

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBEN VASQUEZ, | § | |
| Petitioner, | § § § | |
| V. | § | No. 4:19-CV-692-A |
| BILL WAYBOURN, Sheriff, Tarrant Counyt, Texas, | § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Ruben Vasquez, a state prisoner, against Bill Waybourn, sheriff of Tarrant County, Texas, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, petitioner challenges his 1990 state-court conviction for theft in Tarrant County, Texas, Case No. 0353073D. (Pet. 2.) The petition was received by the clerk of court for filing on September 3, 2019.

### II. SUBJECT MATTER JURISDICTION

Generally, for this court to have subject matter jurisdiction over a claim(s) under § 2254, the petitioner must be

"in custody" pursuant to the underlying conviction and sentence the subject of the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Maleng*, 490 U.S. at 492. Clearly, petitioner's 5-year sentence for his 1990 theft conviction fully expired years ago. (Resp't's Resp. 4, doc. 12.) Thus, he was not in custody under the 1990 theft conviction and sentence at the time this petition was filed, and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED January 7, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

2